31481. LOFTIS AUTOMATIC SPRINKLER CO. *v.* THOMP-SON, Commissioner.

DECIDED FEBRUARY 5, 1947.

*A. L. Henson,* for plaintiff in error.
*Ben T. Huiet, Clifford Walker, J. Benton Evans,* contra.

SUTTON, P. J. · J. Eugene Cook, Commissioner of Revenue of Georgia, for the use of Ben T. Huiet, Commissioner of Labor of Georgia and ex-officio Administrator of the Georgia Unemployment Compensation Law, issued an execution against Loftis Automatic Sprinkler Company, a corporation, for unemployment compensation taxes accruing under said law against the defendant. This execution was levied upon certain property of the defendant in fi. fa., and it filed an affidavit of illegality thereto. The plaintiff in fi. fa., M. E. Thompson, who was then the Commissioner of Revenue of this State, traversed the affidavit of illegality, and the issue thus formed was tried before Judge E. E. Pomeroy of the Superior Court of Fulton County, without the intervention of a jury. The court sustained the traverse, dismissed the affidavit of illegality, and directed the levy to proceed. The defendant in fi. fa's. motion for a new trial was overruled, and the exception here is to that judgment.

The defendant contended in its affidavit of illegality that it was not an employer at any time during the period covered by said execution; that it had entered into a contract with a named labor union, which agreed and undertook to furnish the necessary personnel to prosecute and finish every job of work undertaken by the defendant in fi. fa., and that the defendant had nothing to do with

the hiring of personnel or labor for such jobs, and the labor union fixed the salaries, wages, and working hours during which the workmen were to serve the defendant in fi. fa.; and that the defendant did not at any time become liable for the payment of unemployment contributions levied under the Georgia Unemployment Compensation Law.

The only evidence offered by the defendant in fi. fa. for the purpose of sustaining its contentions was a contract or an agreement between it and the labor union, whereby Loftis Automatic Sprinkler Company agreed to work members of the named labor union, and this agreement stipulated that eight hours should constitute a day's work, and that the workers should be paid a minimum of $12 per day and also be paid for overtime, etc. This agreement by its terms shows that the defendant in fi. fa. was to be the employer of the members of the labor union who worked for it, instead of the labor union being an employer of its members, as contended by the defendant in fi. fa.

The stipulation of facts in the record shows that a report of employment was filed by the defendant in fi. fa. pursuant to the requirements of the Georgia Unemployment Compensation Law, which report acknowledged liability on the part of said defendant as an employer and showed an average of around forty covered employees performing services for it within this State for the statutory period. The Unemployment Compensation law provides in part: "'Employer' means: (1) Any employing unit, which for some portion of a day, but not necessarily simultaneously, in each of 20 different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment eight or more individuals (irrespective of whether the same individuals are or were employed in each such day)." Code (Ann.) § 54-657 (g) (Ga. L. 1937, p. 842, § 19 (g)).

Under the law and the facts as disclosed by the record, the trial judge was authorized to dismiss the affidavit of illegality and order the execution to proceed, and, consequently, did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*